UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CONCIERGE COMPOUNDING PHARMACEUTICALS, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> EXPRESS SCRIPTS, INC., <br><br> Defendant(s). | Case No. 2:16-CV-1797 JCM (CWH) <br><br> ORDER |

Presently before the court is defendant Express Scripts, Inc.'s ("Express Scripts") motion for partial summary judgment. (ECF No. 32). Plaintiff Concierge Compounding Pharmaceuticals, Inc. ("Concierge") filed a response (ECF No. 40), to which Express Scripts replied (ECF No. 45).

Also before the court is Concierge's motion for summary judgment. (ECF No. 35). Express Scripts filed a response. (ECF No. 42). Concierge did not file a reply and the time to do so has passed.

**I.    Facts**

This action arises out of a disagreement between plaintiff Concierge and defendant Express Scripts regarding the terms of their settlement agreement. (ECF No. 1). Generally, the agreement required Concierge to dismiss its case in exchange for Express Scripts releasing its claims for erroneous reimbursements for prescription drugs. (ECF No. 35). The parties disagree as to whether the agreement applies to a certain category of reimbursement claims. (ECF Nos. 1, 32, 25).

Concierge is a retail pharmacy that fills prescriptions for patients nationwide. (ECF No. 1). Among the patients that Concierge serves are beneficiaries of the TRICARE program, a federal

health benefit program that serves military personnel and their families. (ECF Nos. 1, 32, 35). The Department of Defense manages the TRICARE program and reimburses pharmacies for prescription drugs provided to TRICARE beneficiaries. (ECF No. 32). However, the Department of Defense does not directly deal with pharmacies and instead uses intermediary contractors to provide reimbursements. *Id.* Express Scripts is one of these intermediary contractors and Concierge is a pharmacy in Express Scripts' network. (ECF Nos. 1, 32, 35).

On November 1, 2013, Concierge and Express Scripts entered into a provider agreement where Concierge would submit reimbursement claims to Express Scripts. (ECF No. 32). Express Scripts alleges that subsequent to receiving reimbursements, Concierge would reverse certain claims and never dispense prescriptions. *Id.* On September 1, 2014, Express Scripts terminated the provider agreement on the grounds that Concierge had failed to return over $100,000 in erroneous payments for prescription drugs. *Id.* Concierge sued Express Scripts over this dispute, which resulted in the settlement agreement at issue. (ECF Nos. 1, 32, 35); *see also Concierge Compounding Pharm., Inc. v. Express Scripts, Inc.*, No. 15–37–RGA, 2015 WL 1789748 (D. Del Apr. 16, 2015).

Subsequent to the settlement agreement, Express Scripts attempted to collect $64,727.40 for reimbursements made under the TRICARE program. (ECF No. 35). Concierge refused to pay the collection on the grounds that the settlement agreement released any claims relating to those reimbursements. *Id.* On July 28, 2016, Concierge initiated this action claiming that Express Scripts' attempt to collect the reimbursements is a breach of the settlement agreement. (ECF No. 1).

Now, Express Scripts moves for partial summary judgment, and requests that the court hold that Express Scripts is not in breach of the settlement agreement. (ECF No. 32). Concierge also moves for summary judgment, and requests the court to hold that Express Scripts has breached the settlement agreement and a declaration that the settlement agreement releases Concierge of liability for erroneously paid reimbursements. (ECF No. 35).

. . .

. . .

James C. Mahan
U.S. District Judge

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

As this is a diversity case under 28 U.S.C. § 1332, the court will apply Nevada state law to determine whether Express Scripts has breached the settlement agreement. *See* (ECF No. 1).

To prevail on a claim for breach of contract a plaintiff must demonstrate: (1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant breached the contract; and (4) that the plaintiff sustained damages. *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000). When a contract is clear and unambiguous, contract construction is a question of law and "suitable for determination by summary judgment." *Ellison v. California State Auto. Ass'n*, 797 P.2d 975, 977 (Nev. 1990); *see also Galardi v. Naples Polaris, LLC*, 301 P.3d 364, 366 (Nev. 2013). Nevada's longstanding policy is to interpret and enforce contracts based on the written language, reading words in their usual and ordinary meaning.

*Ellison*, 993 P.2d at 1263; *Traffic Control Servs., Inc. v. United Rentals Nw., Inc.*, 87 P.3d 1054, 1059 (Nev. 2004).

Alternatively, summary judgment is not appropriate when a contract is ambiguous, as the court must rely on extrinsic evidence to resolve ambiguous terms. *Dickenson v. Satte, Dep't of Wildlife*, 877 P.3d 1059, 1061 (Nev. 1994). A contract is ambiguous if it may be reasonably interpreted in more than one way. *Galardi*, 301 P.3d at 366. Ambiguity does not arise simply because the parties disagree on how to interpret the contract. *Id*.

The settlement agreement is clear and unambiguous. Both parties agreed that Concierge would dismiss its case with prejudice in exchange for Express Scripts releasing claims arising from the case. (ECF No. 35). The agreement goes on to clarify that the contract covers all claims that Express Scripts can waive under law. The pertinent provision reads:

> Without limiting the generality of the foregoing, it is understood and agreed that this Agreement is intended to cover and does cover all actions, causes of action, claims and demands of whatsoever nature or kind against the Released Parties arising prior to execution of this Agreement that are *waiveable by this Agreement under law*.

(ECF No. 35) (emphasis added). The clear and unmistakable meaning of this provision is that Express Scripts released all claims relating to the dispute except those that are prohibited by law.

The court's final inquiry is to determine whether a statute, rule, or regulation prohibited Express Scripts from releasing claims to recover wrongful reimbursements made under the TRICARE program. The TRICARE program is one of many health programs of the uniformed services that the federal government regulates. *See generally* 32 C.F.R. § 199. Section 199.11 includes rules that specifically deal with recovering erroneous payments. The applicable rule from this section reads:

> TRICARE contractors are not authorized to compromise or to suspend or terminate collection action on TRICARE claims. Only the Director, TMA, or designee or Uniformed Services claims officers acting under the provision of their own regulations are authorized.

32 C.F.R. § 199.11(g)(2). This regulation does not allow contractors to waive or release claims to recover overpayments to medical service providers, such as pharmacies. Express Scripts, being a TRICARE contractor, did not have authorization under 32 C.F.R. §199.11(g)(2) to waive or

release claims to collect erroneous reimbursements. Because the settlement agreement excludes claims that Express Scripts did not have authorization to waive, the agreement does not apply to any collection actions for reimbursements made under the TRICARE program. Thus, Express Scripts' attempt to recover erroneous reimbursements does not constitute a breach of contract.

Accordingly, because Express Scripts did not breach the settlement agreement, the court will grant Express Scripts' motion for partial summary judgment. For the same reasons, the court will deny Concierge's motion for summary judgment.

## IV.  CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Express Scripts' motion for partial summary judgment (ECF No. 32) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the Concierge's motion for summary judgment (ECF No. 35) be, and the same hereby is, DENIED.

DATED August 14, 2018.

                                  /s/ James C. Mahan
                                  UNITED STATES DISTRICT JUDGE